885 P.2d 195

**SECURITY PACIFIC BANK ARIZONA,** an Arizona corporation, formerly known as the Arizona Bank, Plaintiff–Appellant,

v.

**CORY INVESTMENTS, INC., dba Cars 4 U,** an Arizona corporation; **Robert D. Dierken and Susan M. Dierken,** husband and wife; **American Bonding Company,** a Nebraska corporation, Defendants–Appellees.

No. 1 CA–CV 92–0253.

Court of Appeals of Arizona, Division 1, Department E.

Nov. 29, 1994.

Dioguardi, Poli & Ball, Ltd. by Michael N. Poli, David P. Matheson, Phoenix, for plaintiff-appellant.

Robbins & Green, P.A. by Joe M. Romley, Phoenix, for defendant-appellee American Bonding Co.

## OPINION

FIDEL, Presiding Judge.

This lawsuit by a lender against a motor vehicle dealer's bonding company poses the question whether a sale occurs within the meaning of Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–1305 when a dealer transfers vehicular title to a lender to secure lease payments.

Here the dealer borrowed funds from the lender to finance its acquisition of a vehicle, leased the vehicle to a third party, assigned the lease payments to the lender, and transferred title to the lender for the duration of the lease. When the dealer went out of business, the lender incurred expenses to clear what proved to be an encumbered title and brought this suit against the dealer's bonding company to recover the expenses it had incurred.

Section 28–1305 makes a motor vehicle dealer's bond accessible to any person who suffers a loss because of the "dealer's failure to deliver *in conjunction with the sale of a vehicle* a valid vehicle title certificate free and clear of any prior owner's interests and all liens." A.R.S. § 28–1305(B)(2) (emphasis added). We hold that it does not constitute "the sale of a vehicle" within the meaning of § 28–1305 to transfer title to a lender to secure lease payments.

## I.

Cory Investments, Inc. and Security Pacific Bank Arizona entered a Lessor Operating Agreement under which Security Pacific financed vehicles that Cory sold and leased. Under the agreement, when Cory procured a leasing customer and Security Pacific accepted the lease, Security Pacific advanced funds that Cory was obliged to use to pay off any encumbrances on the vehicle. Upon delivery of the vehicle to the customer and for the duration of the lease term, the vehicle was to be registered and titled in Security Pacific's name, and the customer was to make monthly lease payments to Security Pacific.

This dispute arises from Cory's failure to transfer unencumbered title to a 1991 Plymouth Grand Voyager that Cory had purchased with inventory financing from Chrysler Credit Corporation. Cory procured a leasing customer, obtained further financing from Security Pacific, and transferred title to Security Pacific, but Cory converted the $19,067.47 advanced by Security Pacific and did not pay off the Chrysler loan. Although the assignment-of-lease clause in Cory's lease agreement with Security Pacific warranted "that the title to Lease and Vehicle(s) is vested in name of Assignor [Cory] free and clear of all liens and encumbrances," the certificate of title showed Chrysler Credit Corporation as lienholder.

After Cory went out of business and Security Pacific discovered the Chrysler encumbrance, Chrysler initially refused to release its lien unless it first received its unpaid balance of $18,639.17. Through an eventual settlement, however, Security Pacific paid $11,500 to Chrysler, Chrysler released its lien, and Security Pacific obtained a clear certificate of title in its name.

Security Pacific sued Cory, its president Robert D. Dierken and his wife, and American Bonding Company, which had issued Cory the bond required by A.R.S. § 28–1305. After obtaining a default judgment against Cory, Security Pacific moved for summary judgment against American Bonding, seeking the $11,500 that it paid to Chrysler and an additional $11,959.21 in attorneys' fees and costs that it expended in the effort to get unencumbered title.

In cross-motions for summary judgment, the parties disputed whether the transfer of title required by the agreement between Cory and Security Pacific constituted a sale. The trial court denied Security Pacific's motion and granted American Bonding's motion. It found that "Cory assigned the vehicle leases to [Security Pacific] in consideration for [Security Pacific] advancing sums for the assignment of such leases. Cory did not sell the vehicles to [Security Pacific]." Though Security Pacific's claims against other defendants were not finally resolved, the trial court entered final judgment in favor of American Bonding, finding pursuant to Rule 54(b), Arizona Rules of Civil Procedure, that there was no just reason for delay. From that judgment Security Pacific brings this timely appeal. Security Pacific and American Bonding are the sole parties to the appeal.

## II.

To recover against a dealer's bond, the claimant must show that the motor vehicle dealer failed to deliver a valid certificate of title "free and clear of . . . all liens" and that this failure occurred "in conjunction with the sale of a vehicle." A.R.S. § 28–1305(B)(2). It is undisputed that Cory did not deliver the title to Security Pacific free and clear of all liens. The parties dispute only whether the transaction constituted a sale.

Although section 28–1305 does not define a "sale," the Uniform Commercial Code (UCC), as adopted in Arizona, defines a sale as "the passing of title from the seller to the buyer for a price." A.R.S. § 47–2106(A). A

transaction is not a sale under the UCC, however, even if it takes the form of a contract to sell, if it is intended to operate only as a security transaction. A.R.S. § 47–2102. A security interest is defined in the UCC as "an interest in personal property ... which secures payment or performance of an obligation." A.R.S. § 47–1201(37). We look to the Cory/Security Pacific agreement to determine whether the parties intended the title transfer as a sale or as security for lease payments.

The transfer-of-title clause in the agreement states, "Any Vehicle, upon delivery to a Customer and *for the duration of any Lease Term,* shall be properly registered and titled in the Bank's name and bear valid license plates." (Emphasis added.) The assignment clause of the lease provides that Cory "endorses, sells, assigns and transfers to Security Pacific ... all of its right, title and interest *in Lease of Vehicle* described in Lease." (Emphasis added.) Although both documents call for transfer of title, neither document describes the transaction as a sale.

Security Pacific argues that the transaction was a sale within the UCC definition because title was transferred in return for the purchase price of the vehicle. This argument, however, collides with the restrictive language, *"for the duration of any lease term."* American Bonding asserts that, under the agreement, Security Pacific was obliged to return title to Cory at the end of the lease term. Security Pacific replies that the transaction was nonetheless a transfer of title in return for valuable consideration— i.e., a sale. We disagree.

A seller who delivers goods but retains title holds a security interest. A.R.S. § 47–1201(37). Security Pacific's contract is functionally equivalent to one in which a seller retains title to goods until it has received payment. Security Pacific was contractually vested with vehicular title only for the lease period; although the agreement did not specify the disposition of the vehicle after the lease term, it limited Security Pacific's retention of title to "the duration of any lease term," and thereby implicitly obliged Security Pacific to return title to Cory once the secured obligation had been satisfied.

In short, transfer of title for a finite term defined by Security Pacific's receipt of payments on an assigned lease was a security interest, not a sale. Because Cory's failure to deliver unencumbered title did not occur in conjunction with sale of the vehicle, the trial court correctly ruled that Security Pacific does not qualify for the protection of the A.R.S. § 28–1305 dealer's bond. The judgment of the trial court is affirmed.

CONTRERAS and TOCI, JJ., concur.